Schuyler G. Carroll (SC-1234)　　　　　　**Hearing Date:　May 1, 2008**
ARENT FOX LLP　　　　　　　　　　　**Hearing Time: 10:00 a.m.**
1675 Broadway
New York, New York 10019
(212) 484-3900

**Attorney for Roy Babitt, Chapter 7 Trustee**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

In re

Home Sewing Association,

Chapter 7

Case No. 08-10021 (RDD)

Debtor.
-------------------------------------------------------- X

## MOTION FOR AN ORDER AUTHORIZING THE SALE OF
## DOMAIN NAME TO THE ABBEY GROUP PURSUANT TO 11 U.S.C. § 363

TO:　　THE HONORABLE ROBERT D. DRAIN,
　　　　UNITED STATES BANKRUPTCY JUDGE

　　　　　　　Roy Babitt, Chapter 7 Trustee (the "Trustee") of Home Sewing Association (the

"Debtor") by and through his attorney, Arent Fox LLP, as and for his Motion for an Order

Authorizing the Sale of Domain Name To The Abbey Group Pursuant to 11 U.S.C. § 363 (the

"Motion"), respectfully sets forth as follows:

### PRELIMINARY STATEMENT

　　　　1.　　　The Trustee seeks authority to sell the domain name "sewing.org" (the "Domain

Name") currently owned by the Debtor, pursuant to Section 363(b) of the Bankruptcy Code.  The

sale of the Domain Name will infuse the estate with cash for the benefit of its creditors.  The

Trustee has undertaken reasonable marketing efforts to sell the Domain Name and has obtained

an offer to purchase it for $10,500.00.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and

the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New

York, dated July 10, 1984 (Ward, acting C.J.).  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  The venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein pursuant to 11 U.S.C. § 363(b)

and Bankruptcy Rules Procedure 2002(a)(2) and 6004.

## BACKGROUND

3.      On January 4, 2008 (the "Petition Date"), the Debtor filed a petition for relief

under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy

Code").

4.      On January 10, 2008, the Office of the United States Trustee appointed the

Trustee in this case.

The Domain Name

5.      Schedule B of the Bankruptcy Petition listed personal assets including the

Domain Name.  No estimated value was provided for the Domain Name.

6.      After marketing efforts, the Trustee received an offer of $10,500.00 for the

Domain Name from The Abbey Group, a web design, development and site-hosting company

specializing in small businesses.  The Abbey Group was also the webmaster for the Debtor prior

to the Petition Date.

7.      The Abbey Group has signed an agreement (the "Agreement"), a copy of which is

annexed hereto as Exhibit A, pursuant to which it has offered the sum of $10,500.00 (the

"Offer") for the Domain Name.  With the signed Agreement, The Abbey Group has provided a

bid deposit in the amount of $5,000.00.

8.      The Trustee has also contacted marketplaces for domain name sales that offer online marketing and auctioning services.  However, the required reserve for auctioning domain names on these sites is considerably lower than the Offer, and if no higher bid is received the Trustee could be required to sell the Domain Name for as little as $500.  Online marketing services did not offer any better option, as there is no guarantee of how long it would take to sell the Domain Name or that the Trustee would receive any better offer, and the company listing the Domain Name for sale would be entitled to ten percent (10%) of the purchase price.

9.      Accordingly, the Trustee has accepted the Offer, subject to bankruptcy court approval and subject to higher and better offers.  The Trustee believes that the Offer is fair and reasonable, based upon industry research and the results of marketing efforts thus far. However, the Trustee will notice all creditors of the Debtor with the intended sale of the Domain Name to The Abbey Group so that if any other party believes the Domain Name is more valuable the Court can hold an auction for the Domain Name.

## RELIEF REQUESTED

10.      By this Motion, the Trustee seeks this Court's authorization to sell the Domain Name to The Abbey Group, pursuant to Section 363(b), subject to higher and better offers.

## BASIS FOR RELIEF REQUESTED

11.      The Trustee is authorized to sell property of the estate pursuant to Section 363 of the Bankruptcy Code, which provides in relevant part that "the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  The Trustee's authority to sell the Domain Name is amplified in Bankruptcy Rule 6004(f)(1), which in relevant part states that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Chapter 7 trustees often

exercise the authority to sell debtors' assets. *In re Stein*, 281 B.R. 845, 848 (Bankr. S.D.N.Y. 2002) (discussing the trustee's right to sell the assets of the debtor under the Bankruptcy Code); *In re Bakalis*, 220 B.R. 525, 531–32 (Bankr. E.D.N.Y. 1998) (explaining the trustee's authority to conduct the sale of the debtor's assets).

12.     After marketing the Domain Name and conducting research on selling domain names, the Trustee believes that the Offer is likely the highest and best value that can be achieved from its sale for the estate. The Trustee has been advised that while single name domain names such as "Sewing".org are generally more valuable than those using multiple words, ".org" is less valuable than ".com" or even ".net". The Trustee has been advised that a domain name such as Sewing.org, with no website attached to it as is the case here, will likely sell for no more than $1,500.00.

13.     Additionally, the sale of the Domain Name will infuse the estate with cash to pursue avoidance actions and potential claims against the Debtor's principal. The proposed sale will also allow the Trustee to sell the Domain Name without incurring other expenses, such as through commissions or further marketing efforts. The Abbey Group has provided the Trustee with a good faith deposit in the amount of $5,000.00 pending entry of an order authorizing the sale.

14.     The Trustee believes that the proposed sale to The Abbey Group will produce the greatest return on the Domain Name for the estate. Accordingly, the Trustee respectfully requests authorization to consummate the sale to The Abbey Group pursuant to the terms described herein, subject to higher and better offers.

15.     The Trustee will also seek a ruling that the purchaser is a "good faith" purchaser under Section 363(m) of the Bankruptcy Code. Section 363(m) of the Bankruptcy Code

provides for certain protections to be provided to good faith purchasers from debtors pursuant to Section 363. In this regard, Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Thus, where, as here, the purchase of property is in good faith, Section 363(m) protects parties from the consequences of the reversal or modification of an authorization of sale. While the Bankruptcy Code does not define "good faith," the Second Circuit has held that:

> a [g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings . . . . A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

*Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 390 (2d Cir. 1997) (citations omitted).

16.     The Trustee submits that the sale of the Domain Name has been conducted in an arm's length transaction, and that the Trustee and the proposed purchaser have at all times acted in good faith under applicable legal standards. The Trustee therefore requests that the Court approve the purchaser as a good faith purchaser, and that such purchaser is therefore entitled to the protections of Section 363(m) of the Bankruptcy Code.

## NOTICE

17.     Bankruptcy Rule 2002(a)(2) requires that all creditors shall receive at least twenty (20) days notice of the proposed use, sale, or lease of property of the debtor's estate other than in the ordinary course of business, unless the Court for cause shown shortens the time or directs another method of giving notice.

18.     Pursuant to Bankruptcy Rule 2002(a)(2), a copy of this Motion with all Exhibits thereto and a notice of hearing have been served by hand delivery, facsimile or Federal Express (or similar overnight courier service) upon: (i) the Office of the United States Trustee; (ii) the Debtor's attorney; and (iii) all persons having filed a request for notice. A copy of the Notice of Hearing has been served by First Class mail upon all other creditors of the estate.

19.     No previous application for the relief sought herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

20.     This Motion presents no new or novel issues of law and the authorities relied upon are fully set forth herein. Accordingly, the Trustee respectfully requests that the Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of this Motion.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form annexed hereto as Exhibit B authorizing the Trustee or his agents to execute all documents and take all other necessary and appropriate steps to consummate the sale and transfer of the Domain Name as described herein, and granting such other, further and different relief as is just and proper.

Dated:   New York, New York
         March 25, 2008

                                        ARENT FOX LLP
                                        Attorney for Roy Babitt, Chapter 7 Trustee

                                        By:    */s/ Schuyler G. Carroll*
                                               Schuyler G. Carroll (SC-1234)
                                               1675 Broadway
                                               New York, New York 10019
                                               (212) 484-3900