Schuyler G. Carroll
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re

HOME SEWING ASSOCIATION,

     Debtor.

Chapter 7

Case No. 08-10021 (PCB)

---------------------------------------------------------x

ROY BABITT, CHAPTER 7 TRUSTEE OF
HOME SEWING ASSOCIATION,

            Plaintiff,

     v.

JOYCE PERHAC AND FOXFIRE
MANAGEMENT,

            Defendants.

Adv. Pro. No. 09-_____ (PCB)

---------------------------------------------------------x

## COMPLAINT

Roy Babitt, Chapter 7 Trustee (the "Trustee") of Home Sewing Association (the

"Debtor") by and through his attorneys, Arent Fox LLP, complaining of defendants Joyce

Perhac ("Ms. Perhac") and Foxfire Management ("Foxfire", together with Perhac, the

"Defendants"), respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Ms. Perhac, while sole officer and Executive Director of the Debtor,

improperly and contrary to her responsibilities as a fiduciary of the Debtor, used her

authority and control to compel the Debtor to make substantial payments to Foxfire, a

NYC/436280.2

company under her sole ownership and control, of which she was also sole officer and director, and which managed the Debtor at her direction.

2.      The Trustee brings this Complaint to recover from the Defendants the monetary damages incurred by the Debtor resulting from the Defendants' conduct.

<u>**NATURE OF THIS ACTION**</u>

3.      The Plaintiff brings this adversary proceeding (the "Complaint") against the Defendants under sections 502(d), 547, 548 and 550 of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") to set aside and recover all preferential and/or fraudulent transfers (all known and unknown transfers, pre- or post-petition, including without limitation those listed on **Exhibit A**, collectively, the "Transfers") received by the Defendants and to disallow all claims of the Defendants against the Debtor until such time as the Transfers are repaid with interest and costs.

4.      Specifically, the Trustee seeks entry of a judgment against the Defendants pursuant to 11 U.S.C. §§ 547(b), 548 and 550(a), avoiding the Transfers and directing the Defendants to pay the Trustee an amount to be determined at trial that is not less than the amount of the Transfers plus interest and costs.  The Trustee also seeks to disallow any claim or claims of the Defendants against the Debtor under 11 U.S.C. § 502(d), until the Defendants pay in full the amount so determined.

5.      The Plaintiff also seeks a judgment against the Defendants for damages resulting from breach of fiduciary duty, breach of the duty of loyalty and deepening insolvency as more fully described below.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(F).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this District.

## PARTIES

8.      At all times during the transactions at issue, the Debtor was a not-for-profit organization existing under the laws of the State of New York, with its principal place of business located in Monroeville, Pennsylvania.

9.      Roy Babitt is the Trustee of the Debtor's estate in this bankruptcy case.

10.     Joyce Perhac was Executive Director and officer of the Debtor.  Indeed, it appears from the Trustee's investigation that Ms. Perhac was the sole officer.

11.     Foxfire Management is an entity owned and controlled by Ms. Perhac that transacted business in the United States with the Debtor, was granted day to day management control of the Debtor and submitted one or more invoices to the Debtor for goods provided or services rendered.

12.     Both Defendants are insiders of the Debtor that received transfers from the Debtor that were either preferential or fraudulent, which payments they refuse to turnover to the Trustee.

**BACKGROUND**

The Defendants' Relationship with the Debtor Pre-Petition

13.     The Debtor was a nonprofit organization formed on November 10, 1923 to promote sewing.  Trade shows were the primary source of income for the Debtor.  The Debtor held two trade shows each year, one in the Spring and another in the Fall.  The Debtor earned approximately $80,000.00 at each trade show.

14.     Ms. Perhac was employed by the Debtor and given the title of Executive Director.  As evidenced by various documents, Ms. Perhac had signatory authority on the Debtor's bank account and the authority to direct transfers.

15.     Ms. Perhac had wide-ranging authority within the Debtor's organization. For example, Ms. Perhac lead the management of the Debtor's tradeshows – the Debtor's primary sources of revenue – and had signing authority for expenses.  Indeed, it was Ms. Perhac who signed the Debtor's board resolution authorizing the filing of the bankruptcy petition as its "Authorized Officer", selected and retained bankruptcy counsel for this case and ultimately signed the bankruptcy petition as "Executive Director."

16.     Prior to the Petition Date, Ms. Perhac formed Foxfire to manage the affairs of the Debtor.  At the time Foxfire was formed, the Debtor was its only client and Foxfire was formed solely to manage the Debtor.

17.     During the one year prior to the Petition Date, Foxfire received $211,983.49 from the Debtor, as detailed in **Exhibit A**, for services performed on behalf of the Debtor. Ms. Perhac, as sole owner of Foxfire, was the beneficiary of the Transfers.

The Bankruptcy and Subsequent Events

18.     On January 4, 2008 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

19.     On January 10, 2008, the Office of the United States Trustee appointed the Trustee in this case.

20.     On May 7, 2008, the Court entered the Order authorizing the employment and retention of Arent Fox as counsel to the Trustee.

**FIRST CLAIM FOR RELIEF**
**(AVOIDANCE OF PREFERENTIAL TRANSFERS)**

21.     The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

22.     The Trustee seeks to recover all transfers made to the Defendants, which are avoidable pursuant to 11 U.S.C. § 547(b).

23.     The Transfers were made to the Defendants within one year prior to the Petition Date.

24.     Ms. Perhac was an officer and a director of the Debtor and exercised significant control over the Debtor's actions, including negotiating strategic partnerships and developing tradeshow initiatives and day-to-day operations. Foxfire was wholly-owned and managed by Ms. Perhac. Accordingly, pursuant to section 101(31) of the Bankruptcy Code, Foxfire and Ms. Perhac, the beneficiary of the Transfers, were insiders of the Debtor at the time the Transfers were made.

25.     The Transfers were made to or for the benefit of the Defendants on account of antecedent debts, for services provided, owed by the Debtor to the Defendants.

26.     The Debtor was insolvent at the time the Transfers were made.  Indeed, Ms. Perhac was or should have been aware that the Debtor was insolvent at the time the transfers were made because she controlled the Debtor's finances.

27.     The Transfers enabled Defendants to receive more than they would have otherwise received: (a) in a case under Chapter 7 of the Bankruptcy Code; (b) if the Transfers had not been made; and (c) if Defendants received payment to the extent provided by the Bankruptcy Code.

28.     By reason of the foregoing, the Transfers are avoidable and recoverable under 11 U.S.C. §§ 547(b) and 550.

29.     By reason of the foregoing, the Trustee is entitled: (i) to a judgment setting aside the Transfers; and (ii) to recover the sum total of the Transfers, as set forth herein, plus interest and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(AVOIDANCE OF FRAUDULENT TRANSFERS)**

30.     The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

31.     The Trustee seeks to recover all transfers made to the Defendants, which are aavoidable pursuant to 11 U.S.C. § 548.

32.     The Debtor received less than a reasonably equivalent value in exchange for the Transfers, and the Debtor:

> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B).  By reason of the foregoing, the Transfers are avoidable and recoverable under 11 U.S.C. §§ 548(a)(1)(B) and 550.

33.     By reason of the foregoing, the Trustee is entitled: (a) to a judgment setting aside the Transfers; and (b) to recover the sum total of the Transfers as set forth herein, plus interest and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (DISALLOWANCE OF CLAIMS PURSUANT TO § 502(d))

34.     The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

35.     Pursuant to 11 U.S.C. § 502(d), any claims of the Defendants against the Debtor must be disallowed until such time as the Defendants pay to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest and costs.

## FOURTH CLAIM FOR RELIEF
### (BREACH OF FIDUCIARY DUTY)

36.     The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

37.     At all relevant times, the Defendants owed the strictest fiduciary duties to the Debtor, including duties of care, loyalty, honesty, and disclosure, and were required to act in the Debtor's best interests, and not for their own personal benefit.

38.     The Defendants breached their duty of due care by failing to act on an informed basis, failing to inform themselves of all material information reasonably available to them, and in acting with a reckless indifference and deliberate disregard of the interests of the Debtor and its creditors.

39.    The Defendants breached their duties of good faith and loyalty by affirmatively acting to further their own interests at the expense of the Debtor and its creditors. The Defendants acted knowingly and deliberately against the interests of the Debtor and its creditors. The Defendants knew that the Debtor was insolvent because they controlled its books and records. Despite this, Ms. Perhac orchestrated payments to her company, Foxfire.

40.    Indeed, it appears that Ms. Perhac and Foxfire engaged in bankruptcy planning, to ensure that they were paid, even though they knew it would be to the prejudice of other creditors, who would not be paid. For example, Ms. Perhac directed the Debtor to pay Foxfire approximately 4 months worth of management fees and then waited 90 days before filing the Debtor's bankruptcy petition under chapter 7 of the Bankruptcy Code. At the same time, other creditors were not paid. The Defendants, who had custody and control over the Debtor's books and records and bank account, knew how much money the Debtor had. The Defendants used this knowledge, which they possessed as fiduciaries of the estate, to extract all money possible from the Debtor for their own benefit. Only when the Debtor was left with almost no cash remaining (not enough to ay another month's management fee to Foxfire) and after 90 days passed since the last significant payment to Foxfire did Ms. Perhac file the Debtor's chapter 7 petition.

41.    The Defendants' violations of their fiduciary duties were willful and knowing and made in bad faith, and the Debtor and its creditors were damaged by the foregoing breach of fiduciary duties.

42.    By engaging in the conduct described above, including, but not limited to: (i) improperly approving the Transfers and causing the Transfers to be made to themselves,

and timing the payments in an attempt to deprive the Debtor and its other creditors of such funds, and (ii) consciously depleting the estate's resources for their own personal gain before filing the Debtor's bankruptcy petition, the Defendants deliberately and in bad faith breached their fiduciary duties owed to the Debtor.

43.     Because of the Defendants' intentional, wrongful conduct and abuse of their position of trust, the Trustee is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (DEEPENING INSOLVENCY)

44.     Ms. Perhac and Foxfire breached their fiduciary duties to the Debtor by continuing to operate the Debtor and direct payments to Foxfire until the Debtor lacked funds to pay any other creditor.

45.     Ms. Perhac and Foxfire were fully aware, as insiders who managed the Debtor's financial affairs, that the Debtor could not continue to operate as a going concern or to pay its debts as it became due long before the Petition Date.  Despite this, rather than filing the bankruptcy petition at a time when the Debtor still could have reorganized or at least liquidated in an orderly manner, the Defendants consciously and methodically deprived the Debtor of all resources to the detriment of all creditors of the estate, while attempting to safeguard those payments made to Foxfire.

46.     The Debtor suffered injury from fraudulently extended life, dissipation of assets and increased insolvency.  As such, the Debtor's creditors lost substantial value that would have otherwise been available to satisfy their claims.

47.     Accordingly, pursuant to the deepening insolvency doctrine, Ms. Perhac and Foxfire are liable for damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (ATTORNEYS FEES AND COSTS)

48.    The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

49.    By reason of the foregoing and pursuant to Bankruptcy Rule 7008(b), the Trustee is entitled to recover his reasonable costs and legal fees incurred in connection with this proceeding.

## CONCLUSION

**WHEREFORE**, the Trustee demands judgment against Defendants, as follows:

a)  setting aside transfers pursuant to 11 U.S.C. § 547(b), 548 and 550 and compelling the Defendants to pay to the Trustee the sum total of Transfers as set forth herein, plus interest from the date of the transfers;

b)  disallowing any claims of the Defendants against the estate pursuant to 11 U.S.C. § 502(d);

c)  awarding the Trustee attorneys' fees;

d)  awarding the Trustee the costs and disbursements of this adversary proceeding;

e)  declaring that the Defendants breached their fiduciary duty to the Debtor and awarding damages therefor;

f)  declaring that the Defendants breached their duty of loyalty to the Debtor and awarding damages therefor; and

g) granting such other, further and different relief as is just and proper.

Dated: New York, New York
      November 23, 2009

Attorney for Roy Babitt, Chapter 7 Trustee

By:    */s/ Schuyler G. Carroll*
      Schuyler G. Carroll
      ARENT FOX LLP
      1675 Broadway
      New York, New York 10019
      (212) 484-3900

## EXHIBIT A

| CHECK NUMBER | DATE PAID | CHECK AMOUNT |
|---|---|---|
| | | |
| 2529 | 1/5/2007 | $17,510.51 |
| 2443 | 1/13/2007 | $17,000.00 |
| 2465 | 2/12/2007 | $17,265.27 |
| 2474 | 3/7/2007 | $518.75 |
| 2488 | 3/9/2007 | $16,000.00 |
| 2503 | 3/20/2007 | $19,039.92 |
| 2511 | 4/13/2007 | $617.33 |
| 2525 | 5/11/2007 | $210.53 |
| 2540 | 6/7/2007 | $17,037.37 |
| 2558 | 7/5/2007 | $17,000.00 |
| 2568 | 8/4/2007 | $19,057.60 |
| 2606 | 9/10/2007 | $34,069.81 |
| 2614 | 9/14/2007 | $17,000.00 |
| 2616 | 9/29/2007 | $17,000.00 |
| 2650 | 11/24/2007 | $2,211.68 |
| 2651 | 12/3/2007 | $233.28 |
| 2658 | 12/31/2007 | $241.44 |
| **TOTAL** | | **$211,983.49** |